IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DOMONIC ASHFORD, #111722                                                PLAINTIFF

VERSUS                                                 CIVIL ACTION NO. 3:19-cv-317-HTW-LRA

BILLIE SOLLIE                                                 DEFENDANT

MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Plaintiff Domonic Ashford filed this § 1983 civil action on May 6, 2019. Compl. [1]. Plaintiff is an inmate incarcerated by the Mississippi Department of Corrections and is presently incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi. Pl.'s Change of Address [4]. The Defendant is Billie Sollie. Compl. [1] at 1. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice for Plaintiff's failure to comply with the Orders of the Court.

I. BACKGROUND

The Court entered an Order [7] on May 31, 2019, directing Plaintiff to file a written response providing information concerning the claims in his Complaint [1]. Plaintiff was directed to file his written response to that Order [7] on or before June 24, 2019. Order [7] at 2. That Order [7] was mailed to Plaintiff at his last known address. Even though Plaintiff was warned that failure to comply with the Order or failure to provide the Court with a change of address could result in the dismissal of the instant civil action, Plaintiff failed to comply with the Order [7] or contact the Court concerning this case.

Because Plaintiff did not comply with the Order [7], the Court then entered an Order [8] to Show Cause on July 9, 2019. The Order [8] to Show Cause directed Plaintiff to file on or before July 31, 2019, a written response providing information concerning the claims in his Complaint [1]. Even

though Plaintiff was warned again in that Order [8] that failure to comply or failure to notify this Court of a change of address could result in the dismissal of the instant civil action, he has not complied.

The Court on August 15, 2019, provided Plaintiff a final opportunity to comply with the previous Orders [7, 8]. *See* Order [9]. That Second and Final Order to Show Cause [9] directed Plaintiff to file a response on or before September 13, 2019, and provide the information needed by the Court to screen Plaintiff's Complaint [1]. *Id*. at 2. Plaintiff was warned that failure to comply with the Order [9] or failure to advise of a change of address would lead to the dismissal of the instant civil action without further notice. *Id*. Plaintiff has not complied.

## II.  DISCUSSION

The Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Plaintiff did not comply with the Orders [7, 8, 9] entered by the Court even after being warned several times in previous Court documents that failure to do so could result in the dismissal of his case. Order [3] at 2; Order [4] at 2. Plaintiff has not complied with the Court's Orders or otherwise contacted the Court since May 31, 2019. Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent

2

prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 4th day of December, 2019.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE